## SUPREME COURT.

### EMERSON and CROCKER agt. BURNEY.

On *appeal* from an order under § 349 to the general term, no undertaking, or security is required.

In an action for the recovery of the possession of personal property with damages for its detention—the defendant failing to answer, and an order of reference to ascertain the damages of detention, is made upon notice and opposed—such order is appealable to the general term. It involves some part of the merits.

And the appeal taken from such an order is *per se* a stay of proceedings in the action.

*Steuben Circuit and Special Term, May* 1851. In August 1850, E. Corning & Co. having obtained a judgment in the Supreme Court against Harlow L. Emerson, caused an execution to be issued thereon to the sheriff of Steuben county, by virtue of which, the defendant as under sheriff of said county, levied upon a drove of sheep and horses as the property of said H. L. Emerson. Soon afterwards the plaintiffs brought this action to recover the possession of the said sheep and horses, under ch. 2, title 7, part 2 of the Code (§ 206 to 217, inclusive), in pursuance of which, they obtained possession of the same. After the time for answering the complaint had expired, and no answer having been received, the plaintiffs obtained an order of reference to Isaac Q. Leake, Esq. to report the plaintiffs' damages for the taking and

Emerson and Crocker agt. Burney.

detention of the property. This order of reference was made upon notice, and upon the apppearance of both parties by their counsel, at a special term held in Chemung county in February 1851. The defendant appealed from the order of reference to the general term, within the thirty days allowed by the Code for that purpose, by giving notice of such appeal, but without giving any undertaking as required by § 348, or any other section of the Code. The plaintiffs disregarded the appeal and proceeded to execute the order of reference, and obtained a report from the referee of $345·55, for the detention of the property in question.

The defendant now moves to set aside the report of the referee and all subsequent proceedings.

JAMES DUNN, *for Defendant.*

WM. H. GIBBS, *for Plaintiff.*

WELLES, Justice.—There were several questions discussed upon the argument of this motion, none of which, in my judgment, are worthy of consideration, excepting the one which involves the validity of the appeal from the order of reference, as a stay of the plaintiffs' proceedings.

It is objected by the plaintiffs' counsel that the order is not appealable, and that if it is, the appeal in this case was imperfect and inoperative as a stay of proceedings, for the reason that no undertaking, as required by § 348, has been executed.

The appeal is from an order as distinguished from a judgment entered upon the direction of a single judge, as provided in § 348, where an undertaking is necessary.

Section 349 provides for appeals from orders made by a single judge, and defines the cases in which they may be brought. This section declares that " an appeal may *in like manner,* and within the same time, be taken from an order made by a single judge of the same court, and may thereupon be reviewed in the following cases," &c. It is contended that the words " in like manner," mean in this connection, the same as if the expression had been in the same form and with the like proceedings;" in other words, that they enjoin or require the same steps and proceedings to be taken

by the appellant in order to perfect the appeal, as are required by the previous section, 348, on an appeal from a judgment.

I am disposed to hold that no undertaking is necessary in a case like the present, of an appeal from an order made by a single judge. Section 327 directs how an appeal shall be made, which is by the service of a notice in writing, on the adverse party, and on the clerk with whom the judgment or order appealed from, is entered, stating the appeal from the same or some specified part thereof. This provision is in the chapter entitled " of appeals in general." The next chapter is entitled " appeals to the Court of Appeals," and relates exclusively to that class of appeals. The next (ch. 3) to appeals to the Supreme Court from inferior courts. Then comes chapter 4, which provides for and regulates appeals from *judgments* in the Supreme Court, entered upon the direction of a single judge of the same court, and appeals in the same court from *orders* made by a single judge to the general term. In the former, security must be given in the same manner as upon an appeal to the Court of Appeals (§ 348), which is an undertaking on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars; or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal (§ 334). In case of the latter, it is provided that " an appeal may *in like manner*, and within the same time, be taken from an order, &c. The words " in like manner," I think, are satisfied by referring them to the directions contained in § 327, prescribing how appeals are to be brought generally, as before stated. That is to say, an appeal from an order may be taken by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same, or some specified part thereof, in the same manner as other appeals are brought. The section giving these appeals does not in terms require security to be given by the appellant, and as the only words in the section, or elsewhere in the Code, which seem to

Emerson and Crocker agt. Burney.

look towards such requirement, may have a different application, I incline to think it was not the intention of the law makers to require two sureties in $250, or a deposit in money to the same amount, in cases where if the order appealed from should be affirmed, the court is limited to ten dollars in awarding costs against the appellant.

The next question is, was this an appealable order. Section 349, before repeatedly referred to, specifies in four subdivisions, the cases where an appeal from an order as distinguished from a judgment, will lie. The second of those subdivisions is, " when it involves the merits of the action, or some part thereof." It is not claimed that the present case comes within either of the other subdivisions. Did the order appealed from in this case involve the merits of the action? The summons and complaint had been served, and the time for answering had expired. How was the plaintiff to get his damages ascertained and liquidated. The 2d subdivision of § 246 answers the question. A portion of that subdivision reads as follows: " and where the action is for the recovery of money only, or of specific, real or personal property with damages for the withholding thereof, the court may issue a writ of inquiry or order the damages to be assessed by a jury; or if the examination of a long account be involved, by a reference as above provided." This section is a part of the chapter providing for judgment upon failure to answer. It seems to me that the order in question did involve some part of the merits of the action, if not directly, certainly indirectly and really. The action was for the recovery of the possession of personal property, with damages for its detention. The plaintiffs had obtained possession of the property, and the order appealed from directed in what manner the damages for the detention should be ascertained. It was an important question whether they should be ascertained by a reference or a writ of inquiry—whether by one man or twelve. If the court at special term ordered the reference without authority of law, and thus illegally determined the means by which the damages should be ascertained, unless an appeal can be taken from the order, it seems to me the defendant is without

remedy, and upon a point involving all that remains of the merits .of the action. I am constrained to think that this was an order involving the merits of the action, from which an appeal would lie, and that the plaintiffs were not at liberty to disregard it.

The only remaining question is whether such an appeal operates as a stay of the plaintiffs' proceedings in the action under the order appealed from. The Code no where declares an appeal in any case a stay of proceedings, not even in cases where security is required. In several cases it provides that the appeal shall not stay the proceedings unless certain undertakings are given, clearly assuming, I think, that the appeal does so operate, whenever the required security is given in those cases where it is required, and that it equally suspends proceedings upon the order appealed from, in those cases where security is not required. The review by appeal is substituted for a writ of error in the cases where formerly a writ of error would lie, and by the common law a writ of error suspended the proceedings upon the judgment upon which it was brought, in all cases. I think the intention of the legislature was that an appeal should in all cases have the same effect upon the judgment or order appealed from, excepting where otherwise provided.

If the foregoing views are correct, it follows that the plaintiff was irregular in proceeding under the order of reference after the appeal was brought, and that all such proceedings should be set aside, but without costs. Ordered accordingly.