## SUPREME COURT.

LESTER D. HIBBARD agt. THEODOTUS BURWELL.

An *appeal* from an *order* sustaining or overruling a demurrer, under § 349 of the Code, does not operate, *per se, a stay of proceedings.* (*This agrees with Story* agt. *Duffy*, 8 *How. Prac. Rep.* 488; *and Bacon* agt. *Reading*, 1 *Duer*, 622; *and is adverse to Emerson* agt. *Burney*, 6 *How. Pr. R.* 32; *and the Trustees, &c., Penn Yan* agt. *Forbes*, 8 *id.* 285.)

*Erie Special Term, March,* 1855.

THIS action was brought for the recovery of specific personal property. The complaint was demurred to by the defendant; and after a hearing at special term, the demurrer was overruled, but liberty was given to the defendant to withdraw the demurrer and answer the complaint in twenty days, on payment of costs. The defendant did not answer within the twenty days, but within thirty days appealed from the order overruling the demurrer, under § 349 of the Code, and gave an undertaking pursuant to § 334. The appeal is yet pending.

The plaintiff now moves for a writ of inquiry, to assess his damages for the detention of the property. The defendant opposes the motion, insisting that the appeal operates as a stay of proceedings.

J. S. TORRENCE, *for motion.*
T. BURWELL, *opposed.*

BOWEN, Justice. In *Emerson* agt. *Burney,* (6 *How. Pr. Rep.* 32,) it was held by Mr. Justice WELLES, at special term, that an appeal from an order under § 349 of the Code, operated as a stay of proceedings in the cause, without any undertaking being given. The same thing, in effect, was held by the same learned justice at special term, in the *Trustees, &c., of Penn Yan* agt. *Forbes,* (8 *How. Pr. R.* 285.)

It appears, by a note appended to the last case, that the de-

cision was affirmed on appeal to the general term in the seventh district.

On the contrary, Mr. Justice MITCHELL held, at special term, in *Story* agt. *Duffy*, (8 *How. Pr. R.* 488,) that the proceedings in a cause were not stayed by such an appeal. The same thing was held by Justice OAKLEY, in the supreme court of the city of New-York, with the concurrence of his associates, in *Bacon* agt. *Reading*, (1 *Duer's Rep.* 622.)

These are all the reported cases I have found where the question submitted in this case has been under consideration, or at least where it has been passed upon. It is conceded that the Code nowhere provides that such an appeal shall stay the proceedings.

Mr. Justice WELLES, in his opinion in the case first cited, says, " The review by appeal is substituted for a writ of error in the cases where formerly a writ of error would lie, and by the common law a writ of error suspended the proceedings upon the judgment upon which it was brought, in all cases. I think the intention of the legislature was, that an appeal should, in all cases, have the same effect upon the judgment or order appealed from, excepting where otherwise provided."

But it is suggested that a writ of error could only be brought upon a judgment, or a final determination or award in the nature of a judgment; (12 *Johns.* 31; 19 *id.* 247;) and at common law the writ removed, or was supposed to remove, into the court in which it was returnable, the record itself, except where error in fact was complained of, when, if the judgment was in the supreme court, the writ was returnable in the court which rendered the judgment. (3 *Johns.* 443.)

If resort is to be had to the practice of the courts prior to the Code, to determine the effect of an appeal upon the proceedings in the cause, in the cases where the Code is silent on that subject, I think that where, as in this case, the appeal is from an order, the practice of the late court of chancery should govern, as in that court appeals from interlocutory orders were allowed. As was remarked by Mr. Justice MITCHELL, in *Story* agt. *Duffy*, by the practice of that court, both in this

state and in England, it was discretionary with the court, how far an appeal should stay the proceedings where no statutory provision interfered. (*See the cases cited in Story* agt. *Duffy.*)

The order appealed from was, in effect, the final order in the cause. As the pleadings stood, it finally determined the rights, of the parties, and after the expiration of the twenty days, given to the defendant to withdraw the demurrer and answer the complaint, the defendant might have perfected his judgment, based upon the order appealed from. Had judgment been perfected before the appeal was taken, the appeal must necessarily have been from the judgment, under § 348 of the Code; and such an appeal would not have stayed the plaintiff's proceedings, unless the defendant, in addition to the undertaking he has given in this case, had given a further one to pay or satisfy the judgment appealed from if affirmed, or had obtained an order staying proceedings. (§§ 348, 345–349 *of Code.*)

The defendant obtains the same benefits and remedy from an appeal from the order as from an appeal from the judgment, and the former creates the same delay as the latter, and there is the same reason why security should be given as the condition of a stay of proceedings, in the one case, as in the other; or rather, if in either case an appeal was to be made a stay without security, it should be the appeal from the judgment rather than from the order, as in many cases the judgment itself is ample security. It is true, that the Code makes no provision for security in case of an appeal from an order, not even for costs; and it would be impracticable to provide for security further than for costs; but there is no restriction to the right to appeal in such a case as this, and if the appeal operates *per se* as a stay of proceedings, demurrers and appeals from the decisions thereon will be resorted to in all cases where delay is desirable.

The court has the power of staying the proceedings pending the appeal, and will exercise the power in all proper cases, and I think it was the intention of the legislature to leave the matter discretionary with the court. All the rights of the party appealing will be thus preserved, and the court will have the ·

power of preventing these appeals from orders being made the means or instruments of delay and oppression. In fact, the appellant cannot, in such cases, be prejudiced by any proceedings taken subsequent to the appeal. ·The respondent will proceed at his peril. If the appellant succeeds, the effect will be to vacate and set aside the subsequent proceedings.

If an appeal from an order, when it sustains or overrules a demurrer, or when it grants or refuses a new trial, operates as a stay ·of proceedings in the cause, the same effect must be given to an appeal from every other order, unless a distinction is made between proceedings founded upon the order and other proceedings in the cause.

Cases may arise where subsequent proceedings may be had, which are independent of the order appealed from, and which the order, whether affirmed or reversed, will· not affect; such as appeals from orders dissolving, or denying motions to dis- solve injunction orders. But, in most cases of appealable orders, all subsequent proceedings in the cause are founded upon, or so far dependent upon the order, that a reversal thereof renders the proceeding nugatory, or at least irregular; and if an appeal is to stay such proceeding, a defendant, by making motions for the purpose of appealing from· the orders denying them, by appealing from all orders made on behalf of the plaintiff, may postpone the determination of an action in-definitely.

For the above reasons, I am compelled to differ with the learned justice who decided the cases of *Emerson* agt. *Burney*, and *Trustees of Penn Yan* agt. *Forbes*, and to hold with Mr. Justice MITCHELL and the superior court of New-York, that the appeal does not stay the proceedings; and if I am right, the plaintiff is entitled to the order asked for.